UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 13-38-KKC

O.J., by her next friend and mother,
TRACY SHOCKLEY, and TRACY SHOCKLEY                               PLAINTIFFS,

V.                    MEMORANDUM OPINION & ORDER

BOARD OF EDUC. FOR UNION COUNTY, TENNESSEE, and
TENNESSEE DEPT. of EDUCATION,                                    DEFENDANTS.
* * * * * * * * * *

Pending before the Court is a motion to dismiss for failure to state a claim filed by the Defendant Tennessee Department of Education and a related motion to strike. For the following reasons, the Court will grant the motion to strike (R. 17) and deny the Tennessee Department of Education's motion to dismiss (R. 7).

## BACKGROUND

This matter arises from a dispute regarding an Individual Education Program (IEP) provided at a public elementary school in Union County, Tennessee for O.J., an eight year old child with a speech language disorder called childhood apraxia. Defendant Board of Education for Union County is a public school district and Local Educational Agency (LEA). The Tennessee Department of Education is the State Education Agency (SEA). In March 2007, the LEA determined O.J. to be a "child with a disability" within the meaning of Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401(3). In April 2012, an IEP team meeting was held to discuss changes in O.J.'s IEP, including a reduction in speech therapy with a contract provider, for the 2012-2013 school year. O.J.'s mother, Plaintiff Tracey Shockley, requested an impartial due process administrative hearing before the SEA and objected to a separate speech

1

language evaluation of O.J. conducted by an outside expert witness prior to the hearing. After an administrative hearing was held in September 2012, an administrative law judge issued a decision in favor of the local education agency that Plaintiffs now appeal.

## I. STANDARD OF REVIEW

To avoid a 12(b)(6) dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must view the allegations in the complaint in the light most favorable to the plaintiffs, treating all well-pleaded facts as true, but need not accept bare legal conclusions as definitive. *See Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Based on this standard, the court addresses the Defendant Tennessee Department of Education's challenge that the Complaint fails to state a claim because it does not assert any actions taken by the Defendant that constitute a violation of the IDEA.

## II. MOTION TO DISMISS

As a threshold matter, the Court will grant the Defendant's motion to strike the supplemental response filed by the Plaintiffs. According to Eastern District of Tennessee Local Rule 7.1 explaining the standard motion practice, "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court[.]" Here, the Plaintiffs did not seek leave of court to file an additional styled response and merely seeks to have another bite at the apple to argue in support of their position. Accordingly, the

2

Court will grant the Defendant's motion to strike and address only the three standard pleadings: the motion to dismiss, the response, and reply brief.

Here, the Defendant makes a broad argument that all of the causes of action asserted are against the co-defendant Union County and that there are no allegations that the Tennessee Department of Education violated any of Plaintiff's rights under the IDEA. In support, the Defendant argues that with the exception of systemic violations, which are not alleged here, that a state department of education is never a proper or necessary party to an appeal of an administrative decision in an IDEA case. *See Fetto v. Sergi*, 181 F. Supp.2d 71-72 (D. Conn. 2001). In response, Plaintiffs argue that as the SEA, the Defendant is responsible for ensuring that the local Union County board complies with the IDEA to ensure that O.J. receives a "free appropriate public education" and that federal funds are properly allocated to facilitate compliance with the IDEA. The Court agrees with the Plaintiffs that the facts alleged in the Complaint, when taken as true, state a valid cause of action against the State Educational Agency, the Tennessee Department of Education.

The IDEA requires that states provide "[a] free appropriate public education . . . to all children with disabilities residing in the State[.]" 20 U.S.C. § 1412(a)(1). It is not contested here that O.J. is a child with a disability and thus entitled to a free appropriate public education. The SEA "means the State board of education or other agency or officer primarily responsible for the State supervision of public elementary and secondary schools[.]" 20 USC § 1401(a)(32). LEA "means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or secondary schools in a city, township, school district, or other political subdivision of a State[.]" *Id.* § 1401(a)(19). "The responsibility for ensuring that disabled students receive a

3

free appropriate public education lies with the state educational agency (SEA)." *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 679 (6th Cir. 2001); 20 U.S.C. § 1412 (a)(11).

Contrary to the Defendant's argument, as the SEA it is responsible for ensuring that Plaintiff O.J. receive a free appropriate public education under the IDEA. The IDEA does not "explicitly state which governmental entity courts should hold liable for particular violations[.]" *John T. ex rel. Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 864-65 (8th Cir. 2001). Sixth Circuit case law explains that as an SEA, it may be held liable for failure to ensure compliance with the IDEA. *See Ullmo*, 273 F.3d at 679 (citing *St. Tammany Parish Sch. Bd. v. Louisiana*, 142 F.3d 776, 784 (5th Cir. 1998) ("The language and structure of the IDEA suggest that either or both entities [the SEA or LEA] may be held liable for the failure to provide a free appropriate public education[.]")). Although *Ullmo* is distinguishable from this case because it concerned a private educational facility that received federal funds, the case is still good law and therefore controlling.

The Defendant asks the court to add an additional requirement arguing that the SEA can only be liable for systemic violations citing *Fetto v. Sergi*, 181 F. Supp.2d 53, 72 (D. Conn. 2001). However, as the Defendant concedes, this is not binding authority in the Sixth Circuit. Further, other Circuits support a broader view that an SEA may be held liable for more than just systemic violations. *See Gadsby v. Grasmick*, 109 F.3d 940, 952-53 (4th Cir. 1997)(holding the SEA is ultimately responsible for the provision of a free appropriate public education and may be held liable for the state's failure to assure compliance with IDEA); *John T. ex rel. Robert T.*, 258 F.3d at 865-66 (8th Cir. 2001)(noting the IDEA places a supervisory responsibility on state agencies). On the facts of this case and in this Circuit, the Defendant as the SEA can be held

4

liable if it does not ensure that the local educational agency provides a free appropriate public education. Accordingly, the Defendant Tennessee Department of Education is a proper party.

## CONCLUSION

**IT IS ORDERED** that the Defendant's motion to strike (R. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss for failure to state a claim (R. 7) is **DENIED**.

Dated this 18th day of July, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

5

Case 3:13-cv-00038-KC-CCS   Document 32   Filed 07/18/13   Page 5 of 5   PageID #: 1158